# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

SPENCER MASON,                                                                                      PLAINTIFF
REG. #12466-010

v.                                         2:17CV00112-DPM-JTK

C. V. RIVERA, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

Plaintiff Spencer Mason filed this federal civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional Institution (FCI) Allenwood, White Deer, Pennsylvania. (Doc. No. 2)[1] He alleged Defendants failed to protect him from harm by other inmates while he was incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. This Court granted his Motion to Proceed <u>in forma pauperis</u> on July 10, 2017, and directed him to file an Amended Complaint within thirty days of the date of the Order, noting that he did not include any specific allegations of unconstitutional conduct by the four named individual Defendants (Doc. No. 6). The Court granted Plaintiff's Motion to Extend Time on September 13, 2017, giving him an additional thirty days in which to respond. (Doc. No. 9)   As of this date, Plaintiff has not submitted an Amended

---

[1] Pursuant to information received from the Allenwood Warden, Plaintiff's address was updated to City of Faith Residential Reentry Center, Little Rock, Arkansas, on August 7, 2017 (Doc. No. 7).

2

Complaint, or corresponded with the Court.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

"A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998). In his Complaint (Doc. No. 2), Plaintiff alleged that when he entered FCI, Forrest City, on February 24, 2016, prison officials were aware that he was a member of the Aryan Circle. Defendant John Doe #1 told Plaintiff that although a known dispute existed between the Aryan Circle and a rival group, the Aryan Brotherhood of Texas, the groups had reached a truce. Plaintiff doubted the veracity of this information because prison officials adopted a practice of locking each group in the "hole" for thirty days at a time while the other group walked the compound, and then vice versa. However, Defendant John Doe #1 assured Plaintiff that he would have no issues with the rival group members at FCI, Forrest City.

Despite this information, Plaintiff was attacked by members of the Aryan Brotherhood of Texas while he ate in the dining hall on February 27, 2016. Plaintiff suffered serious injuries in the attack and was treated at the emergency room and later underwent surgery. He was

4

transferred to Allenwood on April 18, 2016.  He claimed that FCI officials clearly exhibited a total disregard for his safety and well-being, knowing of the problem between the rival gangs. Plaintiff named as Defendants four individual FCI employees, John Doe #1, and the United States of America.

In the July 10, 2017 Order, the Court noted that Plaintiff did not allege any specific improper actions by any of the four named Defendants, and provided him with directions concerning what information he should include in an Amended Complaint (Doc. No. 6).

Initially, the Court notes that Defendant United States of America should be dismissed, because <u>Bivens</u> actions are limited to lawsuits filed against a federal agent for a deprivation of a constitutional right, and sovereign immunity bars these actions against the United States or its agencies.  <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 485-6 (1994).

In addition, the Court finds that Plaintiff fails to state a failure to protect claim against the individual Defendants.   In order to support a claim for failure to protect, Plaintiff must allege they were deliberately indifferent to the need to protect him from a substantial risk of serious harm.  <u>Newman v. Holmes</u>, 122 F.3d 650, 652 (8th Cir. 1997).  This claim has two components, an objective one asking whether there was a substantial risk of harm to the inmate, and a subjective one asking whether the prison official was deliberately indifferent to that risk. <u>Jackson v. Everett</u>, 140 F.3d 1149, 1151 (8th Cir. 1998). <u>See</u> <u>also</u> <u>Curry v. Crist</u>, 226 F.3d 974, 977 (8th Cir. 2000).  In this particular case, Plaintiff alleged that although John Doe told him of the truce between the two groups, prison officials engaged in a practice of separating the groups. He claimed Defendants were aware of a problem between the groups and acted unreasonably in accepting a rival gang's words that the groups reached a truce. In his Memorandum in support of

5

his Complaint (Doc. No. 3), Plaintiff stated that Defendants Rivera, Carter, Flint, Linn and John Doe knew that officials relied on the word of the Aryan Brotherhood of Texas members that a truce was in effect (Doc. No. 3). However, he never specifically alleged in his Complaint or Memorandum that any of the individual Defendants possessed information to the contrary, or which would lead them to suspect that Plaintiff was in danger of harm. In addition, he did not allege that any of the Defendants deliberately disregarded any information that Plaintiff was at risk of harm. Therefore, absent an Amended Complaint which includes such allegations, the Court finds Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**IV.** **Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 19th day of October, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.