# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

SPENCER MASON,                                                                                PLAINTIFF
REG. #12466-010

v.                                            2:17CV00112-DPM-JTK

C. V. RIVERA, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

Plaintiff Spencer Mason filed this federal civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional Institution (FCI) Allenwood, White Deer, Pennsylvania. (Doc. No. 2)[1] He alleged Defendants failed to protect him from harm by other inmates while he was incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. This Court granted his Motion to Proceed in forma pauperis on July 10, 2017, and directed him to file an Amended Complaint within thirty days of the date of the Order, noting that he did not include any specific allegations of unconstitutional conduct by the four named individual Defendants (Doc. No. 6). The Court granted Plaintiff's Motion to Extend Time on September 13, 2017, giving him an additional thirty days in which to respond. (Doc. No. 9)   However, when he failed to file an Amended Complaint, this

---

[1] Pursuant to information received from the Allenwood Warden, Plaintiff's address was updated to City of Faith Residential Reentry Center, Little Rock, Arkansas, on August 7, 2017 (Doc. No. 7), and then to a private address in Springdale, Arkansas on November 1, 2017 (Doc. No. 11).

2

Court recommended his Complaint be dismissed for failure to state a claim on October 19, 2017 (Doc. No. 10).

Plaintiff subsequently filed an Amended Complaint, on November 1, 2017 (Doc. No. 12). United States District Judge D. P. Marshall Jr. then declined the dismissal Recommendation, and referred the matter back to me in light of the filing of the Amended Complaint. The allegations in Plaintiff's Amended Complaint were virtually identical to those in the Original Complaint, and again, he did not set forth specific facts against the four named Defendants. Therefore, I provided Plaintiff one final opportunity in which to file a second Amended Complaint which "names the Defendants, specifies the actions each of the Defendants took, and how those actions violated Plaintiff's constitutional rights. In addition, Plaintiff should include facts about Defendants' specific knowledge of risks of harm, including, where applicable, dates, times, and places of the alleged inappropriate actions of the Defendant(s). If Plaintiff does not comply with this directive, his Complaint will be dismissed for failure to state a claim pursuant to Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly." (Doc. No. 15, p. 3) The copy of the Order mailed to Plaintiff at his last-known address was returned to the Court as undeliverable on November 20, 2017. (Doc. No. 16) As of this date, Plaintiff has not submitted a second Amended Complaint, or contacted the Court with Notice of a new address.

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.  Facts and Analysis**

"A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998). In both the Original and first Amended Complaints (Doc. Nos. 2, 12), Plaintiff alleged that when he entered FCI, Forrest City, on February 24, 2016, prison officials were aware that he was a member of the Aryan Circle. Defendant John Doe #1 told Plaintiff that although a known dispute existed between the Aryan Circle and a rival group, the Aryan Brotherhood of Texas, the groups had reached a truce. Plaintiff doubted the veracity of this information because prison officials previously adopted a practice of locking each group in the "hole" for thirty days at a time while the other group walked the compound, and then vice versa. However, Defendant John Doe #1 assured Plaintiff that he would have no issues with the rival group members at FCI, Forrest City.

Despite this information, Plaintiff was attacked by members of the Aryan Brotherhood of Texas while he ate in the dining hall on February 27, 2016. Plaintiff suffered serious injuries in the attack, was treated at the emergency room, and later underwent surgery. He was transferred to Allenwood on April 18, 2016. He claimed that FCI officials clearly exhibited a total disregard for his safety and well-being, knowing of the problem between the rival gangs. Plaintiff named as Defendants four individual FCI employees, John Doe #1, and the United States of America.

In the July 10, 2017 Order, I noted that Plaintiff did not allege any specific improper actions by any of the four named Defendants, and provided him with directions concerning what information he should include in an Amended Complaint (Doc. No. 6). The allegations in his Amended Complaint, however, are nearly identical to those in his Original Complaint.

Initially, Defendant United States of America should be dismissed, because Bivens actions

are limited to lawsuits filed against a federal agent for a deprivation of a constitutional right, and sovereign immunity bars these actions against the United States or its agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 485-6 (1994).

In addition, I find that Plaintiff fails to state a failure to protect claim against the individual Defendants. In order to support a claim for failure to protect, Plaintiff must allege they were deliberately indifferent to the need to protect him from a substantial risk of serious harm. Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997). This claim has two components, an objective one asking whether there was a substantial risk of harm to the inmate, and a subjective one asking whether the prison official was deliberately indifferent to that risk. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000). In this particular case, Plaintiff alleged that although John Doe told him of the truce between the two groups, prison officials previously engaged in a practice of separating the groups. He claimed Defendants were aware of a problem between the groups and acted unreasonably in accepting a rival gang's words that the groups reached a truce. In his Memorandum in support of his Amended Complaint, Plaintiff stated that "to change the previously adopted practice, approval had to come from the Warden on down," and that by "taking the word of a number of members of one of the warring factions that there was a truce in effect defies logic and demonstrates a deliberate indifference to a substantial risk of serious harm to Plaintiff." (Doc. No. 13, p. 8) However, he never specifically alleged in his Amended Complaint or Memorandum that any of the individual Defendants possessed information to the contrary, or which would lead them to suspect that Plaintiff was in danger of harm. In addition, he did not allege that any of the Defendants deliberately disregarded any information that

Plaintiff was at risk of harm. Therefore, absent any additional allegations that Defendants were aware of a substantial risk of harm to Plaintiff and deliberately disregarded that risk, I find Plaintiff's Amended Complaint also fails to state a claim upon which relief may be granted.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Amended Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 12th day of December, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.